LACY *v.* STATE.

Opinion delivered September 24, 1928.

*Coleman & Reeder* and *S. M. Casey,* for appellant.

*H. W. Applegate,* Attorney General, and *Walter L. Pope,* Assistant, for appellee.

McHaney, J. Appellant was indicted at the October term, 1927, of the Independence Circuit Court for the crime of assault with intent to kill one Kent Davidson, by shooting him with a pistol. At the April term of said court, six months later, after both parties had announced ready for trial, this indictment was quashed on motion of the State, and the matter again referred to the grand jury, then in session, and another indictment, charging the same offense, was shortly thereafter, on the same day, returned. The first indictment omitted to charge that the offense was committed "with the felonious intent then and there to kill and murder the said Kent Davidson," which the second indictment properly covered.

Appellant was called upon to answer the second indictment, shortly after its return, on the same day, and moved the court for a continuance on account of the shortness of the time intervening between the finding and return of the second indictment and the calling of his case for trial, which was alleged to be 30 minutes, and for that reason he was not ready or prepared for trial, and was entitled to a reasonable time in which to prepare for trial; that the first indictment did not charge an offense against the law; that, without his knowledge or consent, the first indictment was quashed and a new indictment returned within 30 minutes; and that he was not prepared for trial. His motion for continuance was overruled. He was tried, convicted, and sentenced to 5 years in the penitentiary. He seeks a reversal on the following grounds:

1. That the court erred in overruling his motion for a continuance or a postponement of his trial to another day of the same term. The court did not err in this regard. His motion stated no legal ground for either a continuance or a postponement. Motions for continuance rest in the sound discretion of the trial court, and the settled rule is that this court will not reverse on this ground unless an abuse of such discretion is shown. No such abuse of discretion is shown. The case had been

pending for six months, and appellant well knew that he was charged with the same offense alleged in the second indictment. In the opinion of the learned prosecuting attorney, it was deemed best to amend the first indictment in the manner heretofore stated by charging the intent. Whether this was necessary or otherwise we are not called upon to decide. He does not allege any statutory ground for a continuance, and we therefore hold that the court did not commit reversible error in this regard.

2. That the verdict and judgment are against the law and the evidence. Counsel for appellant concede the well established rule of this court that it will not reverse cases on conflicting evidence, that is, where there is any substantial evidence to support the verdict, but say that the accomplice, Leland Sexton, has not been corroborated sufficiently. The facts are that Kent Davidson was paying court to Miss Madeline Barnes, and, on the night of the unfortunate assault upon him, was calling upon her in her home. Appellant and Sexton, at appellant's suggestion, went to the Barnes home to scare him and have some fun out of him—perhaps to run him away from the young lady's home. The exact manner in which they expected to scare him or have some fun out of him is not shown. But the fact remains that they went to the Barnes home, armed with a pistol, taken from appellant on his arrest the next day, loaded with cartridges which were too long for the cylinder and the bullets of which had been cut off to permit the cylinder to revolve, exactly like the bullet taken from Davidson's head, and which is admitted to be the same pistol used to inflict the injury on Davidson. Sexton says appellant fired the shot. Appellant says Sexton fired the shot. Sexton, being an accomplice, must be corroborated by other evidence.

Kent Davidson testified that appellant and Sexton came to the Barnes home, made a noise on the outside, and that he went out to see what it was all about; that he recognized them, although he thought both had robes

and masks on, and Sexton said: "Hey, Buddie, you go home in about 30 minutes, and be darn sure you stay there when you get there." A short time thereafter he heard the noise again, and saw his mule going across the field. He went out again, caught the mule, and tied it up again. In a few minutes he again heard the noise outside, and went out to see what they wanted to do. As he walked around the house both Sexton and appellant came toward him. Sexton hit him over the head with something, and caught him by his tie. He tried to push Sexton away, and appellant walked up to his side, and he was shot. He does not know who fired the shot, and does not remember anything thereafter until nine days later, when he became conscious in the hospital. He was shot in the right eye, which was destroyed, and the bullet was removed from the top of his head. He had known appellant all his life. They were boy friends. There was no enmity existing between them, to his knowledge. This is sufficient corroboration of Sexton's testimony to the effect that, at appellant's request, he went with him to the Barnes home to scare Davidson and have some fun out of him, and, in attempting to do so, he and Davidson got into a fight, and that, as they did so, appellant came up to his side and shot Davidson. See *Middleton* v. *State,* 162 Ark. 530, 258 S. W. 995.

3. That the court erred in refusing to give his requested instruction No. 9, as follows:

"Unless you find from the evidence, beyond a reasonable doubt, that defendant and Sexton went to the place where Davidson was for the purpose of doing him bodily harm or injuring him, then defendant would not be guilty, if Sexton later shot Davidson without the knowledge or encouragement of the defendant."

The court did not err in this regard. We have examined all the instructions given, and find that they fully cover the case, moreover, the above instruction is not the law. If appellant and Sexton entered into a conspiracy to go to the Barnes home on an unlawful mission, which is conceded, and the act of one of them, proceeding

according to the common plan, terminated in a criminal result, both would be liable, although not the particular result intended. *Boone* v. *State,* 176 Ark. 1003, 5 S. W. (2d.) 322. Therefore the above instruction did not correctly state the law in requiring the jury to find that they went to the Barnes home for the purpose of doing Davidson bodily harm or injuring him.

Having examined all the errors assigned and finding them not sustained, the judgment must be affirmed.